# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MATTHEW TASSONE,

        Plaintiff,

        v.

JUDGE ELIZABETH GILL, et al.,

        Defendants.

**Case No. 2:19-CV-1683**
**CHIEF JUDGE EDMUND A. SARGUS**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff, Matthew Tassone, an Ohio resident who is proceeding without the assistance of counsel, brings this action against (1) Judge Elizabeth Gill of the Franklin County Court of Common Pleas, Division of Domestic Relations; (2) Magistrate Judge David Black of the Franklin County Court of Common Pleas, Division of Domestic Relations; (3) John C Ruiz-Bueno, III; (4) Edward F. Whipps; and Zephynia Tassone. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing his Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    BACKGROUND

Although not entirely clear, the crux of Plaintiff's Complaint seems to concern ongoing custody proceedings between Plaintiff and Zephynia Tassone. At base, he alleges that Judge Gill, Magistrate Judge Black, Ms. Tassone, and her lawyers (Mr. Ruiz-Bueno III and Mr. Whipps) engaged in a conspiracy "to systematically deprive the citizens of Franklin County of Due Process" through "fraud" and "the use of child hostages." (Doc. 1-1 at 2).

Plaintiff alleges that, on November 28, 2017, Ms. Tassone "began concealing the specific whereabouts" of their daughter. (*Id.*). He further alleges that Ms. Tasssone, after filing for divorce, failed to comply with the terms of a December 1, 2017 Temporary Mutual Restraining Order, enjoining each spouse from "concealing the whereabouts of the minor child/ren" during the

pendency of the divorce proceedings. (*Id*. at 3). Plaintiff contends that Ms. Tassone's lawyer, Mr. Ruiz-Bueno III, began sending threatening correspondence "as part of a conspiracy to deprive [him] of due process." (*Id*. at 5). Plaintiff then filed a motion for emergency custody, and a hearing was set for December 20, 2017. (*Id*.). At the hearing, Plaintiff alleges that Judge Gill "directed" the parties to attempt to resolve the matter privately. (*Id*. at 8). Plaintiff states that in doing so, Judge Gill "effectively den[ied] him access to the courts." (*Id*.). According to the Complaint, Judge Gill stated that it is "standard customary practice" for the parties to advise the court regarding their attempts to resolve the motion before proceeding with the emergency custody hearing. (*Id*. at 10). According to Plaintiff, Judge Gill's standard practice is actually a "conspiracy" between Judge Gill and other lawyers practicing before the court to "take[], conceal[], and withhold[] [ ] the non-conspiring party's child[.]" (*Id*. at 11–12 ).

On November 30, 2017, Mr. Ruiz-Bueno III filed a motion for a full psychological evaluation of the parties. (*Id*. at 22). Plaintiff alleges that, months later, the guardian ad litem informed Plaintiff that she "privately discussed the matter with" Mr. Ruiz-Bueno III, and that Mr. Bueno would "present[] his Motion for Psychological Evaluation as a motion for custodial evaluation, not psychological evaluation." (*Id*.). Plaintiff contends that this change from a custody to a psychological evaluation reflects a conspiracy between Defendants because "lawyers and judicial officers [of Franklin County Domestic Court] routinely disguise requests for psychological evaluations as requests for a 'custodial evaluation, not a psychological evaluation.'" (*Id*. at 26).

Plaintiff seeks the following relief: declaratory relief that the alleged conspiracies are in violation of his 14th Amendment rights; declaratory relief that the said schemes actually occurred and are in violation of the Constitution; declaratory relief that Mr. Ruiz-Bueno III violated Plaintiff's constitutional rights; declaratory relief that the lawyers engaged in the conspiracy acted

in violation of the Constitution; a damages award of $100,000 against Ms. Tassone; a damages award of $100,000 against Mr. Whipps; and attorney's fees and costs. (*Id*. at 38–40).

## III.  DISCUSSION

Even giving Plaintiff every benefit of the doubt, his Complaint has several fatal flaws.  The Undersigned explains several below.

### A.  The *Rooker-Feldman* Doctrine

Although the Court is doing a bit of guesswork, it appears that Plaintiff is attacking state-court judgments because he both attacks the outcome of the emergency custody hearing before Judge Gill (*id*. at 5–12), as well as Judge Black's decision "that [he] would not consider evidence related to a psychological evaluation because such an evaluation was not being requested by the plaintiff." (*Id*. at 28).  The United States District Court does not have jurisdiction to review state-court judgments.  Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998).  Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

It should be noted that Plaintiff has already filed numerous motions requesting relief from the trial court's findings and has also filed a slew of appeals in state court.  The trial court denied Plaintiff's requested relief, and the court of appeals dismissed Plaintiff's appeals. *See Tassone v. Tassone,* No. 18AP-475 and No. 18AP-614, 2019 WL 951248 at *1 (Ohio Ct. App. Feb. 26, 2019) (detailing lower-court proceedings, including Plaintiff's motions under Ohio Rules of Civil Procedure 60(B) and 52, alleging that he entered into an agreed interim entry under duress and that

Ms. Zephynia's counsel had engaged in misconduct); *Tassone v. Tassone*, No. 18AP-810, 2019 WL 131135, at *1, 3 (March 21, 2019) (discussing Plaintiff's previous court filings, including multiple motions for recusal of the magistrate judge, an affidavit of disqualification for the trial court judge, and noting that Plaintiff "has filed numerous appeals in this case.").

Apparently, Plaintiff now seeks relief from state court judgments in this Court. However, as discussed, under the *Rooker-Feldman* doctrine, Plaintiff may not pursue these claims in this Court. Finally, to the extent Plaintiff seeks relief against Ms. Tassone's lawyers, Plaintiff may continue to do so in state court. This is so because it is not apparent from Plaintiff's Complaint that he has asserted a cognizable federal cause of action against the lawyers.

### B.  Immunity

In addition, Plaintiff's claims against Judge Gill and Magistrate Judge Black cannot proceed as both judges are immune from suit. Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id*. at 11–12. Because those circumstances do not apply here, the Defendant Judges are immune.

### C.  Domestic-Relations Jurisdiction

Finally, the Undersigned reads Plaintiff's Complaint as pertaining primarily to domestic relations issues, which are within the exclusive jurisdiction of the State and fall outside the scope of federal jurisdiction. Generally speaking, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. Long ago, the United States Supreme Court

proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the State's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *See, e.g.*, *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2002); *Chandler v. Michigan*, No. 1:18-cv-1289, 2019 U.S. Dist. LEXIS 19293, at *2 (W.D. Mich. Jan. 8, 2019) (screening and dismissing Complaint under 28 U.S.C. § 1915(e)(2) where plaintiff sought relief related to custody determination). And, for this additional reason, dismissal is appropriate.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint. The Court further **RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendation would not be taken in good faith and, consequently, leave for Plaintiff to appeal in forma pauperis is **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  May 1, 2019                                   /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE